**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WILLIAM G. SANDERSON,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-0432-17-0704-I-1 |
| 　　　v. | |
| DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　Agency. | DATE: February 16, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Adam Jerome Conti</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Andrew Hass</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his removal for unacceptable performance under chapter 43. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

Effective July 18, 2017, the agency removed the appellant, a GS-13 Program Analyst, from Federal service for unacceptable performance following his unsuccessful completion of a Performance Improvement Plan (PIP). Initial Appeal File (IAF), Tab 6 at 49-51, 59. The appellant timely appealed his removal to the Board. IAF, Tab 1. Although the appellant initially requested a hearing, *id.* at 2, he later withdrew his hearing request, and the appeal was decided on the written record, IAF, Tab 29, Initial Decision (ID) at 1. In an initial decision, the administrative judge affirmed the appellant's removal, finding that the agency met its burden to prove the elements of a chapter 43 action and that the appellant failed to prove his affirmative defenses of whistleblower reprisal, age discrimination, and retaliation for prior equal employment opportunity (EEO) activity. ID at 1-21. The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

When the initial decision was issued, the Board's case law stated that, in an appeal of a performance-based removal under chapter 43, the agency was required to prove the following elements by substantial evidence: (1) the Office of Personnel Management (OPM) approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) his performance standards were valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies of his performance during the appraisal period and gave him an adequate opportunity to demonstrate acceptable performance; and (5) after an adequate improvement period, his performance remained unacceptable in at least one critical element. *Lee v. Department of Veterans*

*Affairs*, 2022 MSPB 11, ¶ 13. The administrative judge found that the agency proved each element by substantial evidence. ID at 6-13.

On review, the appellant reiterates many of the same arguments that he raised before the administrative judge, and he has challenged the administrative judge's findings with respect to elements 1, 3, and 4. PFR File, Tabs 1, 4. The appellant argues that, although OPM approved the agency's written performance appraisal system, it did not approve the PIP, which he alleges contains substantially different tasks than his written performance plan. PFR File, Tab 4 at 4-5. In this regard, he argues that the agency improperly changed his performance standards to low-level clerical duties with rigid requirements and short deadlines under the PIP, allegedly rendering the standards invalid. PFR File, Tab 1 at 13-17. The appellant also argues that the agency did not provide him a reasonable opportunity to demonstrate acceptable performance because he was not in a duty status for a majority of the PIP period and the agency substantially changed his working environment, including a new supervisor, change in work location, loss of telework privileges, and the new tasks required of him under the PIP. *Id.* at 17-19. Finally, he asserts that the agency placed him on a PIP in bad faith with a "predetermination" that he would fail. *Id.* at 12-14.

We agree with the administrative judge's finding that OPM approved the agency's performance appraisal system. ID at 7. The appellant has provided no support for his assertion that OPM must approve an individual's PIP, and we are aware of none. PFR File, Tab 4 at 4-5. We also agree with the administrative judge's finding that the PIP tasks aligned with the appellant's position description and that his performance standards were valid. ID at 10. Regarding the appellant's argument that he was not given a reasonable opportunity to improve his performance under the PIP, we agree with the administrative judge that, under the circumstances, the agency gave the appellant a reasonable opportunity to improve. ID at 11-12. The appellant has not challenged, and we find no reason

to disturb, the administrative judge's findings as to the second and fifth elements. ID at 8, 12-13.

Notwithstanding, remand is required for a different reason. While this case was pending on review, the U.S. Court of Appeals for the Federal Circuit recognized for the first time that an agency must prove an additional element to support an adverse action charge under chapter 43. *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355, 1360-61 (Fed. Cir. 2021). Specifically, the agency "must justify institution of a PIP" by proving the employee's performance was unacceptable before the PIP. *Id.* at 1360; *Lee*, 2022 MSPB 11, ¶ 14. The holding applies to all pending cases, regardless of when the events took place. *Lee*, 2022 MSPB 11, ¶ 16. Although the record contains some evidence concerning the appellant's pre-PIP performance, the parties were not on notice as to this element, and, accordingly, we must remand the appeal to give the parties the opportunity to present additional evidence as to whether the appellant's performance was unacceptable in one or more critical elements prior to the issuance of the PIP. *See id.*, ¶¶ 15-17. On remand, the administrative judge shall accept argument and evidence on this issue and shall hold a supplemental hearing, if appropriate. The administrative judge shall then issue a new decision consistent with *Santos. See id.*, ¶ 17. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate his prior findings on the other elements of the agency's case in the remand initial decision. *See id.*

On review, the appellant has also challenged the administrative judge's weighing of the evidence with respect to his age discrimination and EEO retaliation claims. PFR File, Tab 1 at 20. We find no basis to disturb the administrative judge's well-reasoned findings that the appellant failed to prove that his age or EEO activity were a motivating factor in the agency's decision to

remove him.[2]   ID at 13-16; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (holding that the Board will not disturb an administrative judge's findings when he considered the evidence as a whole, drew appropriate references, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). To the extent the appellant wishes to introduce evidence and argument concerning his age discrimination claim and EEO retaliation claim as it relates to his pre-PIP performance, the administrative judge shall allow the parties to submit such evidence on remand and hold a supplemental hearing, if appropriate.   In the remand initial decision, the administrative judge shall explain if any new argument or evidence affects the findings contained in the initial decision.   As appropriate, he may adopt his findings from the initial decision.

The appellant has also challenged the administrative judge's findings concerning his whistleblower reprisal affirmative defense.   PFR File, Tab 1 at 20-21.   Contrary to the appellant's assertion on review, we find that the administrative judge applied the correct legal standard when evaluating this claim.   ID at 17-21.   The appellant's remaining arguments constitute mere disagreement with the administrative judge's weighing of the evidence, and we do not find them persuasive.   PFR File, Tab 1 at 20-21; *see Crosby,* 74 M.S.P.R. at 106; *Broughton,* 33 M.S.P.R. at 359.   To the extent the appellant wishes to introduce evidence and argument concerning his whistleblower retaliation defense as it relates to his pre-PIP performance, the administrative judge shall accept such evidence from the parties on remand and hold a supplemental hearing, if appropriate.  In the remand initial decision, the administrative judge shall explain if any new argument or evidence affects the findings contained in the initial decision.  As appropriate, he may adopt his findings from the initial decision.

---

[2] Since the issuance of the initial decision, the Board issued its decision in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-25, 30-33, which clarified the evidentiary standards and burdens of proof for age discrimination and EEO retaliation claims arising under Title VII.  *Pridgen* does not require a different result.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

Gina K. Grippando

FOR THE BOARD:     _____
                   Gina K. Grippando
                   Clerk of the Board

Washington, D.C.